IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                     )
ROBERT SUTTON                        )
1312 Saratoga Avenue NE, Apartment 2 )
Washington, DC  20018,               )
                          Plaintiff, )
                                     )
v.                                   )
                                     )
DISTRICT OF COLUMBIA                 )
One Judiciary Square                 )
441 Fourth Street, NW                )
Washington, DC  20001,               )
                          Defendant. )
_____)
```

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Robert Sutton, through undersigned counsel, for his complaint herein alleges as follows:

**INTRODUCTION**

1. This is a claim for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a judgment: 1) ordering the Defendant to fund his placement at High Road Academy, with transportation; 2) declaring that DCPS violated a December 14, 2006 Hearing Officer's Determination ("HOD"); 3) declaring that the DCPS violated the IDEA by failing to determine an appropriate special educational placement, failing to develop an appropriate individualized education program ("IEP"), and failing to provide all necessary specialized instruction and related services; and 4) ordering DCPS to convene a multidisciplinary team ("MDT") meeting to review all of his current evaluations, to revise his IEP as appropriate, and to develop an appropriate compensatory education plan per the terms of the December 14, 2006 HOD and to compensate him for the

1

harm done by the violations identified in this complaint.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. On May 2, 2007, the Plaintiff participated in an administrative hearing of the claims in this Complaint conducted by the District of Columbia Public Schools State Enforcement and Investigation Division. In an order issued May 17, 2007, the Hearing Officer denied the Plaintiff's requested relief and dismissed his complaint.

## PARTIES

4. Robert Sutton is an eighteen-year-old resident of Washington, D.C..

5. The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6. The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7. DCPS has found Robert eligible for special education under a disability classification of "learning disabled."

8. Robert began attending Dunbar Senior High School ("Dunbar") on September 11, 2006.

9. A December 4, 2006 speech and language assessment report indicated Robert has a receptive and expressive language disorder.

10. A December 14, 2006 Hearing Officer's Determination ("HOD") found that DCPS had denied Robert FAPE by failing to provide all necessary specialized instruction and related

services and ordered DCPS, <u>inter alia</u>, to convene a multidisciplinary team ("MDT") meeting to "review the student's evaluations, review and revise the student's IEP as appropriate, discuss and determine placement, and discuss compensatory education and develop a plan for any services the student missed since attending Dunbar."

11. The December 14, 2006 HOD also ordered DCPS, when determining placement, to "specifically consider the placement options and requests presented by the student and/or his counsel and [] give careful consideration to and address the student's concerns about the distractions and teasing he has experiencing [sic] at Dunbar."

12. DCPS convened a meeting at Dunbar on January 19, 2007, at which DCPS, <u>inter alia</u>, developed an IEP for Robert, and determined that Robert required a small setting to reduce external stimuli.

13. At the January 19, 2007 meeting, DCPS did not review Robert's educational evaluation as part of the IEP development process.

14. At the January 19, 2007 meeting, DCPS developed goals and objectives for Robert's IEP that were nearly identical to those on his prior IEP, of March 9, 2006, but which demanded less of him.

15. At the January 19, 2007 meeting, DCPS did not classify Robert as speech and language impaired, despite the presence of expressive and receptive language deficits.

16. At the January 19, 2007 meeting, DCPS did not base Robert's transition goals on evaluations.

17. At the January 19, 2007 meeting, DCPS did not address Robert's concerns about distractions and teasing experienced at Dunbar.

18.     At the January 19, 2007 meeting, Robert's educational advocate requested a full-time special education program for Robert, placement in a small, structured classroom, and documentation showing that Robert had received related services while at Dunbar.

19.     At the January 19, 2007 meeting, DCPS did not discuss placement at any place other than Dunbar or address any recommendations made by Robert's educational advocate.

20.     At the January 19, 2007 meeting, DCPS did not provide any documentation showing Robert's receipt of related services while at Dunbar.

21.     At the January 19, 2007 meeting, DCPS did not issue any prior notice of placement.

22.     At the January 19, 2007 meeting, DCPS did not discuss or provide compensatory education to Robert for specialized instruction he missed prior to November 8, 2006.

23.     On March 2, 2007, The Plaintiff filed an administrative due process complaint against DCPS pursuant to the IDEA.

24.     The due process complaint alleged, <u>inter alia</u>, that DCPS had failed to comply with the December 14, 2006 HOD, to develop an appropriate IEP, timely to determine and provide an appropriate placement and to provide all necessary special education and related services.

25.     On May 17, 2007, the DCPS State Enforcement and Investigation Division issued an HOD denying the Plaintiff's claims and dismissing his complaint.

**COUNT I: FAILURE TO DEVELOP AN APPROPRIATE IEP**

26.     The allegations of paragraphs 1-25 above are incorporated herein as if repeated verbatim.

27.     The IDEA requires DCPS to develop and implement an appropriate IEP for each child with a disability in its jurisdiction.

28.     DCPS' violated the IDEA by failing appropriately to develop an appropriate IEP for Robert.

## COUNT II: FAILURE TO PROVIDE FREE
## APPROPRIATE PUBLIC EDUCATION

29.   The allegations of paragraphs 1-28 above are incorporated herein as if repeated verbatim.

30.   The IDEA requires DCPS to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

31.   DCPS' failures to comply with the December 14, 2006 HOD, to develop an appropriate IEP, timely to determine and provide an appropriate placement, and to provide all necessary special education and related services have denied and continue to deny Robert his right to FAPE under the IDEA.

32.   As a result of this denial, Robert has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1)   declare that DCPS violated the December 14, 2006 HOD, and violated the IDEA by failing to determine an appropriate special educational placement, failing to develop an appropriate IEP, and failing to provide all necessary special instruction and related services;

2)   order the Defendant to fund Robert's placement at High Road Academy, with transportation;

3)   order DCPS to convene a multidisciplinary team meeting within 10 days of placing Robert at High Road Academy in order to review all of Robert's current evaluations, to revise Robert's January 19, 2007 IEP as appropriate, and to develop an appropriate compensatory education plan per the terms of the December 14, 2006 HOD and to compensate Robert for the harm done him by the violations identified in this Complaint;

4)   award the Plaintiff attorneys' fees and costs of this action; and

5) award any other relief the Court deems just.

               Respectfully submitted,

               /s/_____
               Douglas Tyrka, #467500
               Tyrka & Associates, LLC
               1726 Connecticut Ave., NW, Suite 400
               Washington, D.C.  20009
               Phone:  (202) 265-4260
               Fax:  (202) 265-4264

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS
Robert Sutton

## DEFENDANTS
District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

1104

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave NW
Washington, DC 20009

Case: 1:07-cv-01445
Assigned To : Collyer, Rosemary M.
Assign. Date : 8/9/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ● C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [x] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

i. 20 U.S.C. sec. 1400 et seq; IDEA case for injunctive and declaratory relief

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE 08/09/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.