UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT SUTTON,** | : |
| **Plaintiff,** | : |
| v. | : Civ. Action No. 07-1445(RMC) |
| **DISTRICT OF COLUMBIA,** | : |
| **Defendant.** | : |

### DEFENDANT'S ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1.  Sentence one is the pleader's characterization of the action to which no response is required. If a response is required, then the same is denied. Sentence two is the pleader's rationale for bringing the action to which no response is required. If a response is required, then the same is denied.

2.  These statements are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

3.  These statements are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Defendant lacks knowledge and information sufficient to enable it to respond to the allegation at this time.

9. The speech and language assessment report speaks for itself, and the remaining allegation is the pleader's interpretation of the report to which no response is required. If a response is required, then the same is denied.

10. The December 14, 2006, Hearing Officer's Determination ("HOD") speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

11. The December 14, 2006 Hearing Officer's Determination ("HOD") speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

12. Admitted that the District of Columbia Schools ("DCPS") convened a meeting on January 19, 2007. The Individualized Educational Plan ("IEP") speaks for itself. The remaining allegation is the pleader's interpretation of the IEP to which no response is required. If a response is required, then the same is denied.

13. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

14. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

15. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

16. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

17. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

18. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

19. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

20. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

21. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

22. The January 19, 2007 meeting notes speak for themselves. The remaining allegation is the pleader's recollection of events that occurred at the meeting to which no response is required. If a response is required, then the same is denied.

23. Admitted.

24. The due process complaint speaks for itself. The remaining allegations are the pleader's interpretation of the due process complaint to which no response is required. If a response is required, then the same are required.

25. Admitted that an HOD was issued on May 17, 2007. The remaining allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

26. In answer to this allegation, Defendant incorporates, by reference, its responses to paragraphs 1-25.

27. The Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA") speaks for itself. The remaining allegation is the pleader's interpretation of IDEIA to which no response is required. If a response is required, then the same is denied.

28. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

29. In answer to this allegation, Defendant incorporates, by reference, its responses to paragraphs 1-28.

30. IDEIA speaks for itself. The remaining allegation is the pleader's interpretation of IDEIA to which no response is required. If a response is required, then the same is denied.

31. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

32. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District
         of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

        /s/ *Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**October 3, 2007**