UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**ROBERT SUTTON,**                :
:
    **Plaintiff,**            :
:
    **v.**                    :   Civ. Action No. 07-1445(RMC)
:
**DISTRICT OF COLUMBIA,**         :
:
    **Defendant.**            :
_____:

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) moves for dismissal of the Complaint herein. As shown in the attached memorandum of points and authorities, the Court lacks subject matter jurisdiction, and the Complaint fails to state a claim upon which relief may be granted. An appropriate proposed Order is also attached.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District
         of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4${}^{th}$ St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**October 3, 2007**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ROBERT SUTTON,** | : |
| **Plaintiff,** | : |
| v. | : Civ. Action No. 07-1445(RMC) |
| **DISTRICT OF COLUMBIA,** | : |
| **Defendant.** | : |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

On August 9, 2007, Plaintiff filed the above-captioned Complaint pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1400 et seq., seeking, *inter alia*, "a judgment declaring that the District of Columbia Public Schools ("DCPS") violated a December 14, 2006 Hearing Officer's Determination ("HOD")." *Complaint, para. 1*. Count Two of Plaintiff's Complaint (paras. 29-32) also references the same December 14, 2006 HOD.

Plaintiff further states that he participated in a May 2, 2007 hearing, and that a hearing officer dismissed his complaint on May 17, 2007. *Id., para. 3*. However, there is no mention of the May 17, 2007 HOD in Plaintiff's demand for judgment. *Id., pp. 5-6.*

The Complaint, on its face, fails to state a claim upon which relief may be granted, and fails to demonstrate that this Court has jurisdiction over the subject matter. Accordingly, the Complaint must be dismissed.

**ARGUMENT**

I.  **Standards of Dismissal Under Fed. R. Civ. P. 12 (b)(1).**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). "A motion to dismiss under 12(b)(1) for lack of standing ... involves an examination of the face of the complaint . . . [,]"Al-Owhali v. Ashcroft, 279 F.Supp.2d 13, 20 (D.D.C. August 29, 2003) (quoting Haase, 835 F.2d at 908). ("A Rule 12 (b)(1) attack that is facial in nature, i.e., that ... does not dispute the facts underlying the ripeness of the complaint ... as opposed to [a] factual [challenge], is a direct attack on ... both the sufficiency of the pleadings and the subject matter jurisdiction of the challenged court.") Id. (internal citations omitted).

In considering a motion to dismiss for lack of subject matter jurisdiction, the court can consider facts outside of the motion or complaint without changing the motion to a summary judgment motion. Capitol Leasing Co. v. FDIC, 999 F.2d 188 (7th Cir. 1993); Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002); Pelham v. United States, 661 F. Supp. 1063 (D. N.J. 1987). A court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

II. **To the Extent Plaintiff's Complaint is Based Upon the December 14, 2006, HOD, the Complaint is Untimely and the Court Lacks Jurisdiction.**

Plaintiff's Complaint makes several references to a December 14, 2006, HOD (paras. 10,

4

11, and 31), and seeks to declare that DCPS violated the December 14, 2006 HOD.

IDEIA provides that:

> The party bringing the action [for judicial review of a hearing officer's decision] shall have **90 days from the date of the decision of the hearing officer** to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part [20 U.S.C. §§ 1411 *et seq*.], in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B) (Emphasis added).  Because the District of Columbia does not have an explicit time limitation, the 90-day deadline applies.  See T.T. v. District of Columbia, Civil Action No. 06-0207 (D.D.C. June 26, 2006) (Bates, J.), 2006 U.S. Dist. LEXIS 42739, 7-8.

To the extent Plaintiff's Complaint is based upon the December 14, 2006 HOD, to be considered timely, the Complaint should have been filed by March 7, 2007—90 days from the date of the hearing officer's decision.  Since the Complaint is untimely, this Court lacks subject matter jurisdiction to hear the claims presented.  Accordingly, Plaintiff's Complaint must be dismissed.

## II. The Complaint Fails to State a Cause of Action Under IDEIA

The IDEIA provides specific procedures whereby challenges to DCPS determinations concerning eligibility of students for special education services, individualized education plans, school placement decisions, etc., are to be addressed. The administrative process described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer, at the conclusion of which a HOD—containing findings of fact and conclusions concerning the disputed matters—is issued.  See 20 U.S.C. § 1415(f) et seq.

If the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought.  Jurisdiction for court review of a HOD is found at 20 U.S.C. § 1415 (i)(2)(A):

> Any party aggrieved by the findings and decision made [in an administrative due process hearing] . . . shall have the right to bring a civil action with respect to the [administrative] complaint . . . which action may be brought . . . in a district court of the United States, without regard to the amount in controversy.

Fed. R. Civ. P. 8 provides that a complaint must contain a "statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks." Thus, in order to establish a viable complaint under IDEIA, a plaintiff must identify the HOD that is the basis of the appeal. In addition, the "statement of the claim" and the "demand for judgment" must relate to that HOD.

In the instant case, Plaintiff references two HODs: one dated December 14, 2006, and the other dated May 17, 2007. As previously discussed, any claims with respect to the December 14, 2006 HOD must be dismissed as untimely. That leaves the May 17, 2007 HOD.

Plaintiff's Complaint contains two counts, which presumably describe how Plaintiff has been aggrieved by the HOD. *Complaint, pp. 4-5*. The May 17, 2007 HOD is not mentioned in either count. Similarly, the May 17, 2007 HOD is not mentioned in Plaintiff's demand for judgment. Plaintiff does, however, reference the December 14, 2006 HOD in numbers one and three of the demand for judgment. *Id., p. 5*.

Since Plaintiff's Complaint does not state that he is appealing the May 17, 2007 HOD, does not state how he is aggrieved by the May 17, 2007 HOD in the "statement of the claim," and makes no reference to the May 17, 2007 HOD in his "demand for judgment," Plaintiff's Complaint fails to state a claim based upon IDEIA. Accordingly, Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

To the extent Plaintiff's Complaint is based upon the December 14, 2006 HOD, the Complaint is untimely, and the Court lacks subject matter jurisdiction. Since the Complaint does

not state that it is appealing the May 17, 2007 HOD, and does not request any relief with respect to the May 17, 2007 HOD, the Complaint fails to state a claim based upon IDEIA. Accordingly, Defendant's Motion to Dismiss must be granted, and Plaintiff's Complaint must be dismissed.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District
                               of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              */s/ Edward P. Taptich*_____
                              EDWARD P. TAPTICH (012914)
                              Chief, Equity Section 2

                              /s/ *Veronica A. Porter*_____
                              VERONICA A. PORTER (412273)
                              Assistant Attorney General
                              441 4th St., N.W., Sixth Floor South
                              Washington, D.C. 20001
                              (202) 724-6651
                              (202) 727-3625 (facsimile)
                              veronica2.porter@dc.gov

**October 3, 2007**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT SUTTON,** | : |
| **Plaintiff,** | : |
| v. | : Civ. Action No. 07-1445(RMC) |
| **DISTRICT OF COLUMBIA,** | : |
| **Defendant.** | : |

## **ORDER**

Upon consideration of Defendant's Motion to Dismiss Complaint, any Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

**ORDERED** that the motion be, and the same hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE