THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT SUTTON** | ) | |
| **Plaintiff,** | ) | |
|  | ) | **Civil Action No. 07-1445** |
| v. | ) | **RMC** |
|  | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **Defendant.** | ) | |
|  | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**BACKGROUND**

The Plaintiff filed his Complaint on August 9, 2007, alleging that the District of Columbia Public Schools ("DCPS") had violated the Individuals with Disabilities Education Act ("IDEA") by failing to comply with the terms and conditions of a December 14, 2006 Hearing Officer's Determination ("HOD"), failing to determine an appropriate special educational placement, failing to develop an appropriate individualized education program ("IEP"), and failing to provide all necessary specialized instruction and related services. Compl. ¶¶ 1, 27-31.

In the Complaint, the Plaintiff also made the following statements regarding relevant administrative proceedings:

> On May 2, 2007, the Plaintiff participated in an administrative hearing of the claims in this Complaint conducted by the District of Columbia Public Schools State Enforcement and Investigation Division. In an order dated May 17, 2007, the Hearing Officer denied the Plaintiff's requested relief and dismissed his complaint.
> \*\*\*
> On March 2, 2007, the Plaintiff filed an administrative due process complaint against DCPS pursuant to the IDEA….The due process complaint alleged, inter alia, that DCPS had failed to comply with the December 14, 2006 HOD, to develop an appropriate IEP, timely to determine and provide an appropriate placement and to provide all necessary special education and related services…On May 17, 2007, the DCPS State Enforcement and Investigation Division issued an HOD denying the Plaintiff's claims and dismissing his complaint.

1

Compl. ¶¶ 3, 23-25.

On October 3, 2007, the Defendant filed its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). The Defendant appears to have four complaints regarding the sufficiency of the Plaintiff's Complaint: 1) "[s]ince the Complaint is untimely, this Court lacks subject matter jurisdiction to hear the claims presented;" 2) it does not "state that he is appealing the May 17, 2007 HOD;" 3) it "does not state how he is aggrieved by the May 17, 2007 HOD in the 'statement of the claim;'" and 4) it "makes no reference to the May 17, 2007 HOD in his 'demand for judgment[.]'" Motion at 5, 6.

For those reasons, the Defendant seeks dismissal under Rules 12(b)(1) and 12(b)(6).

## ARGUMENT

Of the Defendant's four complaints, the first is based on the Defendant's misrepresentation of the clear statements made in the Complaint, the second is based on its misinterpretation of applicable law, and the latter two, unsupported with any legal authority, are unsupportable attempts to invoke arcane pleading standards discredited by United States courts since before the promulgation of the Federal Rules of Civil Procedure in 1938 and the subsequent practice of notice pleading.

I.  THE PLAINTIFF TIMELY FILED HIS COMPLAINT

The Defendant requests dismissal "[t]o the extent Plaintiff's Complaint is based upon the December 14, 2006 HOD" because of the 90-day limitation on the filing of an IDEA civil action following receipt of an adverse administrative decision. Motion at 5. The Defendant does not make itself clear as to the meaning of "based upon" in this context, but the Complaint leaves no question that it was filed timely following receipt of the relevant adverse decision.

As reviewed above, the Complaint contains the following statements regarding underlying administrative proceedings:

> On May 2, 2007, the Plaintiff participated in an administrative hearing of the claims in this Complaint conducted by the District of Columbia Public Schools State Enforcement and Investigation Division. In an order dated May 17, 2007, the Hearing Officer denied the Plaintiff's requested relief and dismissed his complaint.
> ***
> On March 2, 2007, the Plaintiff filed an administrative due process complaint against DCPS pursuant to the IDEA….The due process complaint alleged, inter alia, that DCPS had failed to comply with the December 14, 2006 HOD, to develop an appropriate IEP, timely to determine and provide an appropriate placement and to provide all necessary special education and related services…On May 17, 2007, the DCPS State Enforcement and Investigation Division issued an HOD denying the Plaintiff's claims and dismissing his complaint.

Compl. ¶¶ 3, 23-25. It should be noted that the first of these statements is within the "Jurisdiction and Venue" section of the Complaint.

The IDEA authorizes "[a]ny party aggrieved by the [administrative] findings and decision...to bring a civil action with respect to the [administrative] complaint." 20 U.S.C. § 1415(i)(2)(A).[1] It is very clear in the Complaint that the Plaintiff has brought this civil action "with respect to" an administrative complaint filed on March 2, 2007, which was heard on May 2, 2007 and dismissed by HOD of May 17, 2007. See Compl. ¶¶ 3, 23, 25.

As it happens, the March 2, 2007 administrative complaint itself claimed the violation of an December 14, 2006 HOD, among other things. See Compl. ¶ 24. That fact is irrelevant to the timeliness of the Complaint in this case, which was based on a May 2, 2007 administrative complaint regarding which the Plaintiff received an adverse decision on May 17, 2007. Accordingly, his Complaint is not "based upon the December 14, 2006 HOD" in any sense relevant to the IDEA, and there is no reason for dismissal on that basis.

---

[1] The Defendant's characterization notwithstanding, nowhere does the IDEA state or otherwise indicate that a civil action brought under 20 U.S.C. § 1415(i)(2) is "for judicial review of a hearing officer's decision[.]" Motion at 5; see Argument II, infra.

3

II.  **THE PLAINTIFF APPROPRIATELY PLED HIS CLAIMS IN A CIVIL ACTION UNDER THE IDEA**

The Defendant, after first quoting the IDEA's authorization of "a civil action with respect to the [administrative] complaint…which action may be brought in a district court of the United States," inexplicably asserts that "in order to establish a viable complaint under IDEIA, a plaintiff must identify the HOD that is the basis of the appeal,"[2] and that the Complaint must be dismissed because it "does not state that [the Plaintiff] is appealing the May 17, 2007 HOD." Motion at 6. The IDEA language quoted makes it very clear that the court proceeding is "a civil action" and not, as the Defendant styles it, an "appeal."[3] See also 20 U.S.C. § 1415(i)(2)(C) ("the court...shall hear additional evidence at the request of a party; and...bas[e] its decision on the preponderance of the evidence"); Scorah v. District of Columbia, 322 F. Supp. 12, 16 (D.D.C. 2004) (citing Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988) and Kroot v. D.C., 800 F. Supp. 976, 981 (D.C.C. 1992)) ("The district court's standard of review under the IDEA is less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases."). It is likewise perfectly clear that it is the administrative complaint, not the HOD, that forms the "basis" of the action.

Accordingly, the Plaintiff's Complaint "does not state that he is appealing the May 17, 2007 HOD," as that would be an incorrect statement of the procedural posture.[4] Instead, it clearly and correctly states that the claims in the Complaint were the subject of a March 2, 2007

---

[2] The Defendant incorrectly refers to the requirements of the IDEIA, the Individuals with Disabilities Education Improvement Act of 2004. The IDEIA is the act that amended the Individuals with Disabilities Education Act, but 20 U.S.C. § 1400 et seq. remains the Individuals with Disabilities Education Act, the IDEA. See e.g., Jester v. Gov't of the Dist. Of Columbia, 474 F.3d 820, 821 (D.C. Cir. 2007)(referring repeatedly to the requirements of the "Individuals with Disabilities Education Act (IDEA)").

[3] It is certainly true that attorneys commonly refer to the "appeal" of an HOD, colloquially, but that does not change the pleading requirements.

[4] This is not to say that such a statement would necessarily invalidate a complaint. The Rules to not demand formulaic pleading, as the Defendant seems to believe. It may be the case that many, or even most, IDEA attorneys structure their complaints as appeals. While that is technically incorrect, so long as the complaint is understandable there is no reason to expect that a court would dismiss it for improperly referring to the action as an "appeal."

administrative complaint, which was heard by a hearing officer on May 2, 2007 and dismissed in a May 17, 2007 HOD. Similarly, the statement of the claim and the demand for judgment do not refer to the HOD; they refer to illegal actions on the part of DCPS and relief requested for those violations, the same actions and relief identified in the administrative complaint, as required by the IDEA. See 20 U.S.C. § 1415(i)(2)(A) (civil action may be brought "with respect to the [administrative] complaint").

### III. THE PLAINTIFF WAS NOT REQUIRED TO ADHERE TO THE DEFENDANT'S IMAGINED FORMULA FOR AN IDEA COMPLAINT

The Defendant claims that the "Plaintiff's Complaint is inadequate because it "does not state how he is aggrieved by the May 17, 2007 HOD in the 'statement of the claim'" and it "makes no reference to the May 17, 2007 HOD in his 'demand for judgment[.]'" Motion at 6. Significantly, the Defendant does not contend that the Plaintiff did not state how he is aggrieved by the May 17, 2007 HOD, as it could not, since the Plaintiff clearly did in the third paragraph of the Complaint. See Compl. ¶3; see also Diatta v. District of Columbia, 319 F. Supp. 2d 57, 63 (D.D.C. 2004) ("A party is considered 'aggrieved' under the [IDEA]…where relief requested in satisfaction of the Act is denied"). Rather, the Defendant demands dismissal because it contends that the language in the third paragraph must be stated (or restated) elsewhere in the Complaint.

The Defendant has cited no authority whatsoever for its proposed strict formula for an IDEA complaint. This failure is not surprising, as courts of the United States have been distancing themselves from the antiquated strictures of common-law pleading for roughly the last century, and have noted that defendants may not "properly ignore a pertinent provision of law because it was not mentioned in the statement of the claim." Dreyfuss Dry Goods Co. v. Lines, 24 F.2d 29, 31 (5th Cir. 1928); see also Kohler v. Jacobs, 138 F.2d 440, 441 (5th Cir. 1943) ("On a motion to dismiss, demurrers having been abolished, and with them the rule of construing the

5

pleadings strictly against the pleader, the allegations ought to be given a fair construction to come at the case intended to be stated"); Dioguardi v. Durning, 139 F.2d 774, 775 (2d Cir. 1944).

A civil complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). The Supreme Court of the United States has stated – unanimously – that Federal Rule of Civil Procedure 8(a) means what it says, and that the specificity requirements of Federal Rule of Civil Procedure 9(b) are not subject to enlargement absent an act of Congress. See, e.g., Hill v. McDonough, 126 S. Ct. 2096, 2103 (2006), ("Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts").

Nowhere in the IDEA provisions quoted by the Defendant or elsewhere in the IDEA does Congress attempt to establish heightened pleading standards for IDEA civil actions. Given the Supreme Court's clear prohibition of judicial expansion of Rule 9(b), there can be no reasonable argument for a heightened pleading requirement in IDEA civil actions.[5]

## CONCLUSION

The Plaintiff's Complaint, as it clearly states, was filed "with respect to" his March 2, 2007 administrative complaint. The Defendant's motion to dismiss for failure to state a claim is

---

[5] In fact, exhaustion, an affirmative defense, need not be pled at all, much less with specificity. See Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1996) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."); Brown v. Marsh, 777 F.2d 8, 12-13 (D.C. Cir. 1985) ("[T]he district court's discussion appears to place the burden of establishing exhaustion on the plaintiff. This is improper, where, as here, the defendant failed to allege facts reasonably establishing a prima facie showing of nonexhaustion and the relevant records are in the defendant's custody."); see also Jones v. Bock, 127 S. Ct. 910 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

unsupported by any relevant statute, rule, or case. For these reasons, the Court should deny the Motion as frivolous.[6]

                                              Respectfully submitted,

                                              /s/ Douglas Tyrka
                                              Douglas Tyrka, #467500
                                              Tyrka & Associates, LLC
                                              1726 Connecticut Ave. NW, Suite 400
                                              Washington, DC 20009
                                              (ph) (202) 265-4260
                                              (f) (202) 265-4264

---

[6] The Motion in this case is only the latest in a recent and ongoing campaign of illegitimate, dilatory, and harassing motions to dismiss brought by the Defendant in IDEA cases in which the plaintiffs are represented by Plaintiff's counsel, and possibly others. These cases include Robinson v. District of Columbia, 07-CV-675 (RBW), Jordan v. District of Columbia, 07-CV-795 (CKK), Davis v. District of Columbia, 07-CV-1260 (RBW), Williams v. District of Columbia, 07-CV-1261 (ESH), and Harris v. District of Columbia, 07-CV-1422 (RCL). The motions in these cases, most of which were nearly identical, all contain the argument, contrary to all precedent, that in an IDEA case the facts regarding the related HOD must be pled with great specificity.

Judge Huvelle has issued the only decision so far on these motions, in Williams v. District of Columbia, 07-CV-1261, denying the motion in a very brief opinion. With the exception of Harris v. District of Columbia, 07-CV-1422, in each of these cases the plaintiff has served a Rule 11 motion upon the Defendant; the Defendant withdrew the motion in Harris shortly after the plaintiff filed her opposition. The Plaintiff intends to serve a Rule 11 motion on the Defendant regarding this Motion.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ROBERT SUTTON**,<br>　　　　　**Plaintiff**,<br>v.<br>**DISTRICT OF COLUMBIA**<br>　　　　　**Defendant.** | )<br>)<br>)<br>)  **Civil Action No. 07-1445**<br>)  **RMC**<br>)<br>)<br>)<br>) |

### ORDER

On consideration of the Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, it is hereby

ORDERED that the Defendant's Motion to Dismiss is **DENIED.**


　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Rosemary M. Collyer
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge